CORNELIUS L. RYAN'S ADM'R *v.* JAMES LOGSTON, ET AL.

**Will—Conveyance.**

Where a testator sells and conveys real estate to his son-in-law, taking notes for a part of the purchase money, which are unpaid at the death of the testator, he cannot by will dispose of such real estate again to the daughter of such son-in-law, and where there are no creditors or legatees interested, and the son-in-law waives his right to such real estate and permits his daughter to take it, the executor has no right to collect said purchase money notes.

APPEAL FROM MASON CIRCUIT COURT.

December 1, 1877.

OPINION BY JUDGE LINDSAY:

Ryan sold and conveyed a house and lot to his son-in-law, Logston. Several of the notes for the purchase price of the house and lot remained unpaid at the time of Ryan's death.

By his last will and testament the vendor made this provision: "The house and place I sold to James Logston in Minerva, Mason county, Kentucky, I will to his daughter, Annie Logston, provided he don't pay for it when the time is expired, providing he don't pay for it. And it is to be put to the best advantage of her until she be of age."

It is evident the testator did not understand the relative rights of himself and Logston in and to this "house and place," and that he supposed the default in Logston in paying according to the terms of the sale would reinvest him or his representatives with the title.

Robards, the administrator, sued Logston on five of the notes which had fallen due and remained unpaid. The latter defended, setting up the provisions of Ryan's will, and offering to ratify and confirm the devise to his daughter, Annie, and asking that she should be made a party to the action. A demurrer to his answer was overruled, and the devisee was made a party, and she, by her guardian ad litem, claimed the property in question.

All the notes for the purchase money having fallen due, and Logston declining to pay them, they were each and all set up by proper amendments, and the same defense made to the supplemental actions as to the first, Logston further alleging that the testator owed nothing, and that therefore neither the rights of creditors nor of special legatees could be affected by the result of the action. And concerning this fact there seems to be no controversy.

The testator certainly had no legal right to dispose of the prop-

erty he had sold to Logston. But it is also certain that no person except Logston and his creditors can object to the devisee claiming and receiving the estate devised. Logston, in this action, not only does not object to the devise, but expressly ratifies and confirms it, consenting that his daughter shall take and hold the property. The representative of the testator cannot repudiate the will he has undertaken to execute. And it follows that as Logston surrenders the property in accordance with the last will and testament of his vendor, the representative of that vendor cannot be allowed to collect from him the unpaid purchase money. The vendor could not repudiate the sale, and claim and dispose of the property, and also collect the purchase price, and neither can his personal representative.

But if this were not the law of this case, still the administrator could not recover. Same effect must be given to the devise to Annie Logston. She takes whatever interest or claim the devisor held in or to the property devised. She must be allowed to take either the absolute estate attempted to be devised, or else to take the vendor's lien for the unpaid purchase money. In either view the administrator has no right to collect the notes sued on.

Therefore the judgment dismissing his original and supplemental petitions is *affirmed.*

*Thompson & Son, for appellant.     E. C. Phister, for appellees.*